**Stacy FONSECA, Plaintiff–Appellant,**

v.

**SECOR INTERNATIONAL, INC., Defendant–Appellee.**

**No. 05–35525.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2007.

Filed Aug. 8, 2007.

Zan Tewksbury, Tom Steenson, Esq., Steenson, Schumann, Tewksbury, Later & Rose, P.C., Portland, OR, for Plaintiff–Appellant.

Karen F. Jones, Esq., Riddell Williams, PS, Seattle, WA, Daniel R. Barnhart, Esq., Bullard Smith Jernstedt Wilson, Portland, OR, for Defendant–Appellee.

Before: GOODWIN, REINHARDT, and M. SMITH, Circuit Judges.

## MEMORANDUM *

Stacy Fonseca appeals the magistrate judge's order granting summary judgment to her former employer, Secor International, on her claims under Title VII of the Civil Rights Act of 1991 and Or.Rev.Stat. § 659A.030. In her complaint, Fonseca alleged that she was subjected to a hostile work environment because her supervisor, Ross Simmons, viewed pornography on his computer and she was repeatedly exposed to these images while performing her job duties. Fonseca also alleges that when she complained about Simmons's pornography viewing to Simmons's supervisor, Gordon Rees, Rees retaliated against her and she was wrongfully discharged. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

### A. Hostile Work Environment

"[T]o ensure that Title VII does not become a general civility code," *Faragher v. City of Boca Raton,* 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (citation and internal quotation marks omitted), "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) (quoting *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). Oregon state statutes prohibiting

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sexual harassment were modeled after Title VII, and thus "federal cases interpreting Title VII are instructive." *Harris v. Pameco Corp.*, 170 Or.App. 164, 12 P.3d 524, 532 (2000).

Fonseca alleges that she entered Byrd's office unannounced and repeatedly caught him looking at pornography on his computer screen. At her deposition, she admitted that Byrd did not intend for her to see these images, that he attempted to hide these images from her when she appeared in his office, and that she was subjected to these images for no more than a few seconds at a time. Drawing all reasonable inferences in favor of Fonseca, we hold that although Byrd's conduct may have been frequent, a reasonable woman would not find his conduct to be "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (citation and internal quotation marks omitted); *Kortan v. California Youth Authority*, 217 F.3d 1104, 1110 (9th Cir.2000).

Because Fonseca has not satisfied the objective hostility requirement, we affirm the district court's grant of summary judgment in favor of Secor on Fonseca's Title VII and Oregon state hostile work environment claims. *See Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir.2007) (we may affirm on any ground supported by the record).

## B. Retaliation

In order to state a retaliation claim under Title VII or Oregon law, Fonseca must demonstrate a causal link between her protected activity and Secor's adverse employment action. *See Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir.1994); *Harris*, 12 P.3d at 532–33.

Fonseca and her attorney gave Secor an ultimatum that she would quit unless Secor fired Byrd and Rees. Secor did not have an available option to continue her employment if Byrd or Rees remained at Secor. Accordingly, the district court did not err in concluding that Fonseca has not raised a genuine issue of material fact that her termination was caused by Secor's retaliation for her complaints against Byrd and Rees. We thus affirm the grant of summary judgment in favor of Secor on Fonseca's Title VII and Oregon law retaliation claims.

**AFFIRMED.**